Charles H. WATERHOUSE, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 91–841.

United States Court of Veterans Appeals.

Nov. 16, 1992.

Charles J. Waterhouse, pro se.

James A. Endicott, Jr., General Counsel,
Barry M. Tapp, Asst. General Counsel,
Thomas A. McLaughlin, Deputy Asst. General Counsel, and Michael A. Leonard were
on the pleadings for appellee.

Before NEBEKER, Chief Judge, and
KRAMER and MANKIN, Associate
Judges.

KRAMER, Associate Judge:

Appellant, presumably seeking to avoid
tax liability or other obligation possibly incurred based on a Department of Veterans

Affairs (Department or VA) waiver of debt, appeals a March 28, 1991, Board of Veterans' Appeals (BVA or Board) decision which concluded that even though appellant had previously been granted a waiver of indebtedness, appellant is, nevertheless, "legitimately indebted to the [Department] for an overpayment to him of VA disability compensation benefits in the calculated amount of $52,816.33." *Charles H. Waterhouse*, BVA 91–11216, at 6 (Mar. 28, 1991). We dismiss the appeal for lack of jurisdiction.

### I.

Appellant first served on active duty with the United States Marine Corps from August 24, 1943, to May 23, 1946. R. at 202. In November 1947, appellant was initially awarded compensation by the Veterans' Administration (now Department of Veterans Affairs) for a 50% service-connected disability rating for residuals of gunshot wounds incurred in World War II. R. at 1, 3. This rating was raised to 60% in December 1947. R. at 57. In October 1972, appellant was commissioned as a major in the Marine Corps Reserve to provide a series of historical paintings for the United States Marine Corps in connection with the 1976 United States Bicentennial Celebration. R. at 114, 118, 282–84. Appellant, who advanced to the rank of colonel, served on active duty as an "artist-in-residence" from January 1973 to September 1986 and from November 1986 until his retirement in February 1991. R. at 282–84.

From January 1973 until September 1985, appellant continued to receive his VA disability compensation in addition to his active duty pay from the Marine Corps. R. at 4, 282. On September 23, 1985, the VA mailed appellant notice that his disability payments were being suspended in accordance with 38 U.S.C. § 5304(c) (formerly § 3104(c)), which provides that "compensation ... pay on account of any person's own service shall not be paid to such person for any period for which such person receives active service pay." R. at 4. Because of this provision, the VA assessed an overpayment to appellant in the amount of $52,816.33. R. at 229. When the VA at-

tempted to recoup this sum, appellant sought a waiver on the grounds that he had been unaware of § 5304(c) and that repayment would be against "equity and good conscience." *See* 38 U.S.C. § 5302(a) (formerly § 3102(a)). On January 9, 1989, the Regional Office Committee on Waivers and Compromises granted appellant a waiver of the entire overpayment. R. at 229. Appellant, trying to avoid "any additional monetary burdens in any form" appealed this determination to the BVA, arguing now that he was not "legitimately indebted to the Government for an over payment [sic] to him of VA disability compensation benefits...." Appellant's Br. at para. no. 5; *Waterhouse*, BVA 91–11216, at 1. The BVA affirmed the Regional Office's determination that appellant was indebted to the VA and appellant appealed to this Court.

### II.

To be eligible for review by the Court under 38 U.S.C. §§ 7252, 511 (formerly §§ 4052, 211(a)) the appeal must not only involve a benefit determination, but there must also exist a case or controversy regarding such determination. *See Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990). The leading case that discusses what constitutes a controversy is *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937), in which Chief Justice Hughes stated, as relevant here, that it "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." In short, the Supreme Court appears to be stating that in order for there to be a controversy, a federal court must have the ability to resolve the conflict through the specific relief it provides.

In *Simon v. Eastern Kentucky*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976), the Supreme Court, speaking through Justice Powell, appears to have broadened the *Aetna* standard when it stated:

In sum, when a plaintiff's standing is brought into issue the relevant inquiry is whether, assuming justiciability of the claim, the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation. Two points are notable. First, the Court now is speaking in terms of probable redress flowing from a decision, rather than specific relief being provided through a decree. Second, the Court is now speaking in terms of standing, rather than controversy. As to the first point, however, there is significant doubt as to whether the Court intended to expand the *Aetna* standard, for in the very next paragraph of the decision, the Court cites with approval its prior decision in *Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1969), to the effect that standing requires "actual injury redressable by the court." *Simon,* 426 U.S. at 39, 96 S.Ct. at 1924.

A more comprehensive standard for standing was set forth in *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982):

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" [citations omitted], and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision" [citations omitted].

To the same effect, *see Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Of special note is that the Court in *Valley Forge,* while apparently embracing the "likely to be redressed" test, in its next paragraph also quoted with approval the *Simon* language, already quoted above, requiring "actual injury redressable by the court." *Valley Forge,* 454 U.S. at 472, 102 S.Ct. at 758. Further elucidation of what is the proper test of whether an injury is "likely to be redressed by the requested relief," *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (citing *Valley Forge*), comes from the positing of the following inquiry and comment in *Allen:*

> Is the prospect of obtaining relief from the injury as a result of a favorable ruling too speculative? [This question] ... relevant to the standing inquiry must be answered by reference to the Art. III notion that federal courts may exercise power only "in the last resort, and as a necessity" [citation omitted].

*Allen,* 468 U.S. at 752, 104 S.Ct. at 3325.

### III.

■ Where no waiver has been granted and liability to the Department continues, or where a benefit is also at issue, entitlement to which is affected by the validity of the underlying debt, an appellant may challenge the validity of such debt. *See* 38 U.S.C. § 511; *Smith v. Derwinski,* 1 Vet. App. 267, 272–73 (1991); *Schaper v. Derwinski,* 1 Vet.App. 430, 433–34 (1991). Such is not the case here, however, where the injury, if there is one, must be the possibility of additional tax liability or some other unspecified "additional monetary burden." As the record is devoid of any evidence that appellant has had to pay additional tax or any other obligation, or that such has been assessed against him, it is less than clear whether the requirements of the "actual or threatened injury" test enunciated in *Valley Forge* have been met.

■ Assuming, however, that appellant has sustained sufficient tax or other unspecified injury to meet the *Valley Forge* requirement, there is still no question that this Court cannot render a decision relieving appellant from such injury. As the Court cannot provide relief from liability, appellant's injury is not redressable by this Court. Assuming, however, that sufficient standing only requires that a favorable decision by this Court regarding the validity of the appellant's debt is likely to result in relief from tax or other liability, we conclude that this test also has not been met. Our research has revealed

**476**

no case in which it has been determined that an injury is likely to be redressed by a decision of a court where, in spite of that decision, another judicial or administrative proceeding would still be required in order to provide the relief requested. We hold that in such instance, as in the case here, redress of injury is far too speculative to provide standing.

### IV.

For the reasons stated above, we dismiss the appellant's appeal for lack of jurisdiction.

The appeal is dismissed.