**Virginia T. COOMBS, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 90–968.**

United States Court of Veterans Appeals.

Dec. 8, 1992.

Before KRAMER, Associate Judge.

### ORDER

The Court has reviewed the filings of the parties and the record on appeal.

The veteran, Dennis C. Coombs, filed a timely Notice of Appeal from a decision of the Board of Veterans' Appeals which denied service connection for a malignant melanoma of the left thigh. Subsequent to the transmittal of the record on appeal and briefing by the parties, the Court issued a series of orders on November 13, 1991, February 6, 1992, and March 30, 1992, raising important legal issues present in the appeal, the resolution of which was a prerequisite to a decision on the merits. The Court notes that the applicable responses to these orders from both parties were of the highest quality.

On April 30, 1992, the Court, with regret, granted the motion of Virginia T. Coombs, the veteran's wife, to be substituted as appellant in this case in light of the death of the veteran from cancer of the colon. On June 26, 1992, the Secretary of Veter-

ans Affairs (Secretary) moved to dismiss on the grounds that, in view of the veteran's death, no case or controversy continued to exist, and thus the Court was without jurisdiction. *See Mokal v. Derwinski,* 1 Vet. App. 12, 13, 15 (1990). On August 10, 1992, appellant responded to a Court order which had directed that appellant file a response to the Secretary's motion to dismiss.

Assuming that a zero percentage rating is authorized by the rating schedule for melanoma of the thigh, without constitutional symptoms, one of the issues raised and discussed in the above referenced orders and responses (unfortunately issues left unresolved because of this order), and further assuming the veteran's entitlement to service connection therefor, such an award would have provided Department of Veterans Affairs (VA) medical care for the disease, but no financial compensation to the veteran. 38 U.S.C. § 1710(a)(1)(A) (formerly § 610). Thus, even if such an award were now to be granted, appellant would not be entitled to retroactive monetary benefits, 38 U.S.C. § 5121 (formerly § 3021), and of course, could not receive the medical care to which the deceased veteran would have been entitled had he lived.

Although not raised by either the prior orders of the Court or the responses of the parties thereto, the Court, sua sponte, has also considered the possibility of whether appellant, again assuming entitlement to a service-connected zero percent rating for melanoma, might, upon remand, develop evidence regarding expenditures sufficient to qualify appellant for reimbursement, pursuant to 38 U.S.C. § 1728 (formerly § 628), and the regulation promulgated thereunder, 38 C.F.R. § 17.80 (1991), for any privately-incurred medical expenses attributable to the melanoma. The Court concludes, however, that the uncertainty of the existence of such evidence, not presently of record; the uncertainty of the applicability of these provisions, even if such evidence did exist; and the simple fact that a claim for reimbursement is not a part of this case, precludes using this theory, at this time, as a basis for demonstrating appellant's financial interest in the outcome of this appeal.

Appellant desires to and has filed a claim at a VA regional office to receive dependency and indemnity compensation (DIC) based on the theory that the veteran's melanoma for which, it is argued, he is entitled to service connection, caused, or at least contributed to, the veteran's death from cancer of the colon, 38 U.S.C. § 1310(a) (formerly § 410); 38 C.F.R. §§ 3.5, 3.312 (1991). Appellant correctly acknowledges that neither the DIC claim nor the relationship of melanoma to the veteran's death are issues presently before the Court. Br. at 14. *See Branham v. Derwinski,* 1 Vet.App. 93 (1990). The thrust of appellant's argument is that a case or controversy exists in this case because a finding of service connection for melanoma is a necessary prerequisite to proving that a service-connected disability (i.e., for melanoma) caused, or contributed to, the veteran's death from colon cancer.

While the Court appreciates the predicament of appellant, the Court is unable to conclude that appellant has the requisite standing. The newly decided case of *Waterhouse v. Principi,* 3 Vet.App. 473, (1992), must, of necessity, govern the disposition here. In *Waterhouse,* the Court stated:

Assuming, however, that appellant has sustained sufficient tax or other unspecified injury to meet the *Valley Forge [Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) ] requirement, there is still no question that this Court cannot render a decision relieving appellant from such injury. As the Court cannot provide relief from liability, appellant's injury is not redressable by this Court. Assuming, however, that sufficient standing only requires that a favorable decision by this Court regarding the validity of the appellant's debt is likely to result in relief from tax or other liability, we conclude that this test also has not been met. *Our research has revealed no case in which it has been determined that an injury is likely to be redressed*

*by a decision of a court where, in spite of that decision, another judicial or administrative proceeding would still be required in order to provide the relief requested. We hold that in such instance, as in the case here, redress of injury is far too speculative to provide standing.*

*Waterhouse*, at 475–76 (emphasis added). Applying *Waterhouse* here, even assuming the Court's determination that the veteran is entitled to a service-connected zero percent rating for melanoma, there is still no relief the Court can provide this appellant in this case. Appellant can use such determination only in pursuing her claim for DIC in another proceeding.

Because appellant does not have standing before this Court, it is

ORDERED that the Secretary's motion to dismiss is granted, and the appeal is dismissed for lack of jurisdiction.