Samuel B. THOMAS, Appellant,

and

Michael D. Herndon, Petitioner,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent.

Nos. 95–993, 96–107.

United States Court of Veterans Appeals.

Aug. 1, 1996.

Before FARLEY, MANKIN *, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On October 3, 1995, the appellant in *Thomas v. Brown*, U.S. Vet.App. No. 95–993, filed a Notice of Appeal (NOA) as to an August 29, 1995, decision from the Board of Veterans' Appeals (BVA or Board). On February 8, 1996, the Court in *Thomas* in a single-judge order, inter alia, construed the appellant's November and December 1995 pleadings as a petition for extraordinary relief and noted that, under *Mayer v. Brown*, 37 F.3d 618, 620 (Fed.Cir.1994), the Court had no jurisdiction to review the appellant's appeal from an August 29, 1995, decision of the Chairman of the Board denying reconsideration of a December 21, 1982, Board decision. The Court further stated that it appeared that the Court was without jurisdiction to review the appeal because there was no jurisdictionally valid Notice of Disagreement (NOD) and because (even if there had been a valid NOD) the appellant did not timely file an NOA as to a final BVA decision but only as to the BVA Chairman's denial of reconsideration.

On March 19, 1996, the Court consolidated the appeal in *Thomas* with the case of *Herndon v. Brown*, U.S. Vet.App. No. 96–107, which consisted of a petition for extraordinary relief based on the same issue presented in the *Thomas* petition: specifically, whether 38 U.S.C. § 7104 required the Secretary to allow the case to proceed at the administrative level by issuing a Statement of the Case (SOC). In each case, the petitioner and the appellant had filed an NOD as to a decision of the Department of Veterans Affairs (VA) regional office (RO) concluding that the claimant could not raise a claim of clear and unmistakable error (CUE) as having been made in a prior RO decision because that decision was subsumed in a BVA decision. *See Smith (William) v. Brown*, 35

F.3d 1516, 1527 (Fed.Cir.1994) (holding that CUE regulation in § 3.105(a) applies only to prior RO decision and is not available to mount collateral attack on prior Board decision). The Court then issued an order directing the Secretary to respond to the petitions.

On May 9, 1996, the Secretary responded that, pursuant to an opinion of VA's General Counsel, Supplemental SOCs "have now been issued [by the ROs] in both of the above-captioned cases" and that "the controversy surrounding the petitions is now moot and the Court should deny the petitions." Response at 2; *see Aronson v. Brown*, 7 Vet. App. 153, 155 (1994) (Court has adopted case or controversy jurisdictional requirements imposed by Article III of the U.S. Constitution); *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) ("[w]hen there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction"); *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990) (Court dismissed portion of petition seeking mandamus relief since controversy surrounding petition was moot); *see also Landicho v. Brown*, 7 Vet.App. 42, 54 (1994). In response to the Secretary's pleading, both the appellant and the petitioner assert that they have received their respective SOCs, which the ROs had previously refused to issue, and that they concur with the Secretary that the controversy which had initiated the petitions is now moot. Appellant Thomas' Reply at 4; Petitioner Herndon's Reply at 4. They urge the Court to issue an order dismissing the petitions based upon mootness rather than denying the petitions on the merits. The Court notes that Appellant Thomas has not indicated a basis for an appeal other than to seek the relief described in the construed petition; he did not respond to the Court's February 8, 1996, order with respect to its lack of jurisdiction to review the appeal in light of *Mayer, supra.*

The Court notes that a brief filed by the Paralyzed Veterans of America as amicus curiae agrees with the position of the appellant and petitioner that the petitions be dismissed because there is no longer a case or controversy for the Court to resolve.

---

* Judge Mankin was assigned to this case, but died before its final disposition.

Upon consideration of the pleadings, it is

ORDERED that the petitions filed in *Thomas* and *Herndon* are DISMISSED as moot because the relief sought, the issuance of SOCs, has been accomplished without the need for action by the Court. It is further

ORDERED that the appeal in *Thomas* is DISMISSED due to lack of jurisdiction.