**Barbara HAINES, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary Of Veterans Affairs, Appellee.**

No. 97–589.

United States Court of Veterans Appeals.

Sept. 15, 1997.

Before KRAMER, FARLEY, and IVERS, Judges.

## ORDER

PER CURIAM.

On April 18, 1997, counsel for the appellant submitted a Notice of Appeal (NOA) that identified the date of the Board of Veterans' Appeals (Board or BVA) decision as December 23, 1996. On June 20, 1997, counsel for the Secretary advised the Court that no BVA decision dated December 23, 1996, existed regarding the appellant. On July 3, 1997, counsel for the appellant responded by attaching a December 23, 1996, BVA order dismissing the appeal of Victor E. Haines, the appellant's deceased husband, because of Mr. Haines' death. Counsel for the appellant asserted that she had a right to appeal the BVA's order dismissing her deceased husband's claim of clear and unmistakable error (CUE) in a prior termination of his total disability benefits. Counsel for the ap-

pellant asserted that where a cause of action is based upon a statute having a remedial purpose, for example the correction of CUE in a prior rating decision, the cause of action should be held as having survived the death of a party. Counsel for the appellant also requested that the Court accept the BVA decision attached to his response as being in compliance with Rule 4(c) of this Court's Rules of Practice and Procedure.

Although the veteran died prior to the filing of the NOA in this case, the Court has held that *Landicho v. Brown,* 7 Vet.App. 42 (1994), is controlling as far as the remedy is concerned. The Court held in *Landicho* that substitution of an appellant is not permissible in this Court where the appellant is a veteran who dies while the denial by the BVA of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. *See Landicho,* 7 Vet.App. at 44; *Zevalkink v. Brown,* 102 F.3d 1236, 1243–44 (Fed.Cir.1996); *Smith v. Brown,* 10 Vet.App. 330, 332–33 (1997). It would appear that the deceased veteran's CUE claim was derived from a claim for disability compensation under chapter 11. In *Landicho,* the Court held that under such circumstances the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *Landicho,* 7 Vet.App. at 54. In this case, the BVA applied *Landicho* and dismissed the appeal for lack of jurisdiction after learning of the veteran's death. This was done to ensure that any Board decision and the underlying regional office (RO) decision(s) would have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. *Id.*

The appellant attempts to distinguish the survivability of a CUE claim from "claims for accrued benefits and/or pending claims for an entitlement to benefits." Appellant's Response to Appellee's Notice, dated July 3, 1997, at 3. However, absent a claim filed by the appellant for accrued benefits or dependency and indemnity compensation, a CUE adjudication with respect to the appellant's deceased husband would not involve a case or controversy with respect to the appellant, but rather an advisory opinion not capable of

providing any relief to the appellant. The Court in *Landicho* stated:

> In *Waterhouse* [*v. Principi* ], 3 Vet.App. [473,] 474–76 [ (1992) ], the Court made clear that it will not adjudicate hypothetical claims. Quoting from the Supreme Court's decision in *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937), as to what constitutes a "controversy", the Court stated that it "must be a real and substantial controversy admitting of specific relief though a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Waterhouse,* 3 Vet.App. at 474.

*Landicho,* 7 Vet.App. at 49.

On consideration of the foregoing, it is

ORDERED that this appeal is DISMISSED for lack of jurisdiction.