KRAMER, Chief Judge,
concurring:
I concur in the dismissal of the appellant’s appeal as to the August 27, 2001, Board of Veterans’ Appeals (Board) decision. In essence, the appellant, through his 1999 appeal to the Board, requested that the Board provide entitlement to priority scheduling of his medical appointments in accordance with then — extant 38 C.F.R. § 17.99 (1998) partially in light of VA’s purported cancellation of several of his scheduled medical appointments in 1994 and 1998. See Record (R.) at 24-25 (October 1994 letter from VA Medical Center (VAMC) Director in which she responded to appellant’s contention that he was entitled to priority scheduling and she noted VAMC’s cancellation of several of his medical appointments that had been scheduled for dates between March and September 1994), 29-30 (May 1998 letter from VAMC Director in which Director addressed appellant’s entitlement to priority scheduling), 34 (December 1998 letter from VAMC that addressed, inter alia, appellant’s priority — scheduling concerns), 58 (appellant’s September 1999 Substantive Appeal), 65 (appellant’s November 1999 Substantive Appeal). Before the Court, the appellant essentially contends that, notwithstanding VA’s September 2002 promulgation of 38 C.F.R. § 17.49 (2003), the Board erred by not providing him relief as to his pre 2002 purported entitlement to priority scheduling and that the denial of entitlement to such relief is justiciable because it involves an administrative determination of VA. Appellant’s Brief (Br.) at 5-11; Appellant’s Reply Br. at 2-4. However, because the appellant does not allege current difficulties with the scheduling of any particular VA medical appointment or that he currently suffers harm as a result of any purported cancellation of scheduled VA medical appointments, the appellant has alleged no harm that this Court could remedy. See Aronson v. Brown, 7 Vet.App. 153, 156 (1994) (per curiam order) (because that claimant had received relief as to his underlying claim for service connection, his motion for recusal was moot because there was no longer a harm that the Court could remedy).
Accordingly, even assuming that the Board’s jurisdiction extends to the issue of whether the appellant was entitled to priority scheduling of medical appointments, in the absence of evidence suggesting that he suffers any current harm that the Court could remedy, dismissal of his appeal is appropriate. See Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38-39, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (appellant who seeks redress in Federal court must demonstrate “actual injury re-dressable by the court”; “Absent such a showing, exercise of its power by a [Federal court would be gratuitous ....”); see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (justiciable controversy “must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts” (emphasis added)); Mokal v. Derwinski, 1 Vet.App. 12, 14-15 (1990). Thus, absent redressable harm, any opinion of this Court constitutes an impermissible advisory opinion. See, e.g., Waterhouse v. Principi, 3 Vet.App. 473, 474-76 (1992) (Court will not adjudicate hypothetical claims); see also Haines v. Gober, 10 Vet.App. 446, 446-47 *559 (1997) (per curiam order), aff'd, 154 F.3d 1298 (Fed.Cir.1998); Landicho v. Brown, 7 Vet.App. 42, 49 (1994).