# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-1366

John R. Ramsey et al., Petitioners,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Respondent.

Before GREENE, *Chief Judge*, and MOORMAN and SCHOELEN, *Judges*.

## O R D E R

The petitioners, veterans John R. Ramsey and Robert C. Johnson, each have an appeal pending before the Board of Veterans' Appeals (Board) seeking separate increased ratings of 10% for service-connected, bilateral tinnitus. An April 22, 2005, memorandum from the Secretary and an April 28, 2005, memorandum from the then-Acting Board Chairman imposed a stay on (1) claims filed before June 13, 2003, for tinnitus in which more than a single 10% rating was sought, and (2) claims filed before June 10, 1999, in which a compensable rating was denied because the veteran's tinnitus was not considered persistent, pending resolution of the litigation in *Smith v. Nicholson*, 19 Vet.App. 63 (2005), *rev'd*, 451 F.3d 1344 (Fed. Cir. 2006). Petition (Pet.) appendix (app.) at 1-2, 3-5. Both petitioners received letters notifying them that their claims were stayed pursuant to the Secretary's and Board Chairman's memoranda. Pet. app. at 19, 26.

On May 20, 2005, the petitioners filed a petition for extraordinary relief, seeking an order from this Court directing the Secretary and Board Chairman to rescind these memoranda and to adjudicate the petitioners' claims. *See Ramsey v. Nicholson*, 20 Vet.App. 16 (2006). In *Ramsey*, the Court held that the Secretary did not have unilateral authority to stay cases pending before the Board under the circumstances present here. *Id.* at 39. However, the Court denied the petition, and stayed the entry of judgment for 30 days in order for the Secretary to seek judicial authority to continue the stay. *Id.* Thereafter, the Secretary elected not to file a motion to stay with the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) or this Court.

On May 15, 2006, the petitioners again filed a petition for extraordinary relief in the nature of a writ of mandamus in which they requested an order directing the Secretary and Board Chairman to "rescind forthwith their unlawful stay and adjudicate [the p]etitioners' appeals." Pet. at 2. Relying on *Ramsey*, the petitioners stated that the Secretary had failed to file in the Federal Circuit a request for a stay of this Court's judgment in *Smith*, *supra*, and argued that the Secretary's and Board Chairman's continued unilateral stay of proceedings in tinnitus cases pending at the Board is unlawful. Pet. at 7-8. The Secretary has filed a response to the petition and the petitioners have filed a reply.

On July 12, 2006, the Secretary, pursuant to Rule 30(b) of the Court's Rules of Practice and Procedure, filed a July 10, 2006, memorandum as a supplemental authority. In the July 10, 2006, memorandum, the Secretary rescinds the April 22, 2005, memorandum imposing the stay. The memorandum also directs the Board to adjudicate all of the previously stayed claims. On July 24, 2006, the Secretary filed, as a supplemental authority, a July 14, 2006, memorandum from the Board Chairman lifting the stay imposed by the April 28, 2005, memorandum.

This Court has adopted the case-or-controversy jurisdictional requirements imposed by Article III of the U.S. Constitution. *See Aronson v. Brown*, 7 Vet.App. 153, 155 (1994). When the relief sought by a petition has been accomplished, the appropriate course of action is for the Court to dismiss the matter as moot. *See Thomas v. Brown*, 9 Vet.App. 269, 270 (1996) (per curiam order); *see also Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam order) ("When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction."); *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990) (dismissing portion of petition seeking mandamus relief because controversy surrounding petition was moot).

The Secretary's July 12, 2006, and July 24, 2006, filings indicate that the stay of proceedings imposed by the Secretary's April 22, 2005, memorandum and Board Chairman's April 28, 2005, memorandum has been lifted. The filings further direct the Board to resume adjudication of the stayed claims. These actions are precisely the actions sought by the petitioners. Pet. at 10 ("Petitioners seek the following relief: An order of this Court requiring the Secretary of Veterans Affairs and Chairman of the Board of Veterans' Appeals forthwith to rescind their unlawful stay and adjudicate Petitioners' appeals."). Because the petitioners have already obtained the relief sought from the Court (the rescission of the stay and a direction to the Board to adjudicate their claims), their petition has become moot and will be dismissed.

Upon consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief in the nature of a writ of mandamus is DISMISSED as moot.

DATED: August 2, 2006                                             PER CURIAM.

2