This version includes the Errata dtd 21Aug06 - e

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 06-1541

HENDRICKS D. CAUDILL, JR., ET AL., PETITIONERS,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, ET AL., RESPONDENTS.

Before KASOLD, HAGEL, and LANCE, *Judge*s.

**O R D E R**

The petitioners filed a petition for extraordinary relief in the nature of a writ of mandamus seeking an order of the Court that the respondents rescind their purportedly unlawful stay of proceedings and adjudicate the petitioners' appeals on remand from the Court. The petitioners assert that the Court reversed the determinations of the Board of Veterans' Appeals (Board) in each of their claims that dual disability ratings for bilateral tinnitus were not available under the law, remanded the claims for disability compensation benefits for service-connected bilateral tinnitus, and either directed the Board to adjudicate whether the petitioner was entitled to dual ratings for bilateral tinnitus pursuant to this Court's decision in *Smith v. Nicholson*, 19 Vet.App. 63 (2005),[1] or directed the award of dual ratings.

The petitioners also assert that each has received a letter from the Board that suspends action on their respective claims until the Board Chairman rescinds Memorandum No. 01-05-08 (April 28, 2005), as directed by the Secretary in an April 22, 2005, memorandum, that stayed proceedings in all disability compensation claims for tinnitus filed before June 13, 2003, where a disability rating greater than 10% is sought or where a claim for service connection for tinnitus was filed prior to June 10, 1999, and was denied on the basis that the veteran's tinnitus was not persistent.

The petitioners assert that, despite the opportunity to do so, the Secretary did not appeal the Court's decision on any of their claims to the U.S. Court of Appeals for the Federal Circuit, and the mandate of the Court entered as to each. The petitioners assert that by staying proceedings at the Board on remand from the Court, the Secretary is refusing to adjudicate the remanded claims of the petitioners and thereby resisting the lawful orders of the Court. In addition to arguing that the

---

[1] *Smith* was reversed after the Court entered its mandate in the matters underlying this petition. *See* 451 F.3d 1344 (Fed. Cir. 2006).

petitioners have an indisputable right to a writ of mandamus, that they lack alternative means to obtain relief, and that relief is warranted, the petitioners also argue that the "Secretary's and Chairman's intentional resistance to the Court's lawful orders evidences contempt and should be punished," and they further seek a fine of $10,000 per day commencing on the seventh day after the Court issues the writ until the stays are lifted and, thereafter, on the seventh day after the stays are lifted until the Board adjudicates the petitioners' claims in accordance with the Court's decisions.

On July 12, 2006, the Secretary filed a notice of supplemental authority and attached thereto a July 12, 2006, memorandum of the Secretary that rescinds his April 22, 2005, memorandum directing the Board to stay action on dual-rating bilateral tinnitus cases pending the outcome of the Secretary's appeal in *Smith*. The July 2006 memorandum also directs the Board to adjudicate the previously stayed claims.

Inasmuch as the Secretary has rescinded his April 2005 memorandum and has directed the Board to resume adjudication of the previously stayed cases, which include those of the petitioners, this petition has become moot, and it will be dismissed. *See Thomas v. Brown*, 9 Vet.App. 269, 270 (1996); *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990) (dismissing portion of petition seeking mandamus relief because controversy surrounding petition was moot); *see also Ramsey v. Nicholson*, ___ Vet.App. ___, ___, No. 06-1366, slip op. at 1-2, 2006 WL 2136210, at *1-2 (Aug. 2, 2006) (dismissing petition for extraordinary relief in the nature of a writ of mandamus because the relief sought by the petition was granted by the Secretary's rescission of the stay order).

Upon consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief in the nature of a writ of mandamus is DISMISSED as moot.

DATED:       August 16, 2006                                      PER CURIAM.

KASOLD, *Judge*, concurring: I fully concur in the dismissal of this petition. I write separately to add that the Secretary and the Board nevertheless should be cautioned that it is not proper to stay the processing of claims in which the lawful judgment of the Court reversing the Board's decision has been entered, no appeal has been taken, and the mandate of the Court has been entered. *See Winslow v. Brown*, 8 Vet.App. 469, 472 (1996) ("A lower tribunal, 'upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate . . . .'" (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119-20 (11th Cir. 1985)); *see also Ramsey v. Nicholson*, 20 Vet.App. 16, 39 (2006) (holding unlawful Secretary's and Board's stay "as to the effect of any of this Court's decisions"). The proper course of action when a party disagrees with a decision of the Court is to appeal the Court's decision or to move the Court for a stay. Indeed, it is a "basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private

2

determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Maness v. Meyers*, 419 U.S. 449, 459 (1975); *see also* 38 U.S.C. § 7265(a)(3) (granting Court power to punish contempt "by fine or imprisonment"); *Moore v. Derwinski*, 2 Vet.App. 67, 68 (1992) (ordering Secretary to show cause why he should not be held in contempt for failure to comply with the mandate of the Court).