# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-1899

EDWARD J. MOORE, PETITONER,

v.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before HAGEL, MOORMAN, and SCHOELEN, *Judges.*

# O R D E R

On July 13, 2007, Edward J. Moore, who is self-represented, filed a petition for extraordinary relief in the nature of a writ of mandamus, requesting that the Court order the Board of Veterans' Appeals (Board) to remove Disabled American Veterans as his representative and allow him to represent himself in an appeal before the Board for his claim for an increased rating for his service-connected bilateral knee disability and for an earlier effective date for the award of 100% disability rating for schizoaffective disorder. On June 5, 2007, and August 20, 2007, the Board issued letters denying Mr. Moore's request to represent himself before the Board.

On July 23, 2008, the Secretary filed a motion to dismiss Mr. Moore's petition. In his motion, the Secretary asserts that, on July 16, 2008, the Board issued a letter granting Mr. Moore's request to represent himself. A copy of this letter is attached to the Secretary's motion. The Secretary also filed a motion to stay proceedings, which this Court granted on July 29, 2008. On July 28, 2008, Mr. Moore filed an amended brief.

This Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). Accordingly, three conditions must be met before the Court may issue a writ: (1) The petitioner must demonstrate that he lacks adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

This Court has adopted the case-or-controversy jurisdictional requirements imposed by Article III of the U.S. Constitution. *Aronson v. Brown*, 7 Vet.App. 153, 155 (1994). Where all relief sought by a petition for extraordinary relief has been afforded, the petition is moot. *See Chandler v. Brown*, 10 Vet.App. 175, 177 (1997) (per curiam order); *Thomas v. Brown*, 9 Vet.App. 269, 270

(1996) (per curiam order). Here, the petitioner has obtained the relief sought, i.e., the Board has granted the petitioner's request to represent himself. Accordingly, the petition is now moot, and the Court will dismiss the petition. *See Thomas*, *supra*.

Upon consideration of the foregoing, it is

ORDERED that the Court's July 29, 2008, stay is lifted. It is further

ORDERED that the Secretary's motion to dismiss Mr. Moore's petition is granted, and the petition is DISMISSED as moot.

DATED:    August 26, 2008                                         PER CURIAM.