ORDER
PER CURIAM:
On May 18, 2011, the appellant, widow of deceased veteran Richard R. Briley, through counsel, filed a Notice of Appeal from a January 31, 2011, Board of Veterans’ Appeals (Board) decision denying entitlement to service connection for the veteran’s colon cancer for the purposes of accrued benefits. On February 7, 2012, appellant’s counsel notified the Court that the appellant died on January 29, 2012, provided a copy of the appellant’s obituary, and filed a motion requesting a 30-day stay to locate a potential accrued benefits claimant for substitution. On March 14, 2012, the Court denied the motion as moot as more than 30 days had already elapsed and ordered appellant’s counsel to show cause, within 14 days, why the appeal should not be dismissed. Appellant’s counsel did not respond to the Court’s order.
In Mokal v. Derwinski, 1 Vet.App. 12, 13 (1990), the Court chose “to adhere to the case or controversy jurisdictional restraints adopted by Article III Courts.” Although the Court initially adopted the case-or-controversy requirement “as a matter of policy,” the Court, as our concurring colleague admits, did not make the application of that requirement discretionary. Id. at 15. Rather, beginning with Mokal and continuing unimpeded to this day, the Court has steadfastly held that a matter before this Court that does not present a live case or controversy must be dismissed for a lack of jurisdiction. See, e.g., Mendoza v. Shinseki, 25 Vet.App. 189 (2012) (per curiam order); Moore v. Peake, 22 Vet.App. 239 (2008) (per curiam order); Hyatt v. Peake, 22 Vet.App. 211 (2008); Nolan v. Nicholson, 20 Vet.App. 340 (2006); Ramsey v. Nicholson, 20 Vet.App. 223 (2006); Polovick v. Nicholson, 24 Vet.App. 257 (2006); Urban v. Principi, 18 Vet.App. 143 (2004) (per curiam order); Long v. Principi, 17 Vet.App. 555 (2004); Breeden v. Principi, 17 Vet.App. 475 (2004) (per curiam order); Herlehy v. Principi, 15 Vet.App. 33 (2001) (per curiam order); Hibbard v. West, 13 Vet.App. 546 (2000) (per curiam order); Haines v. Gober, 10 Vet.App. 446 (1997) (per curiam order); Hudgins v. Brown, 8 Vet.App. 365 (1995) (per curiam order); Landicho v. Brown, 7 Vet.App. 42 (1994); Shoen v. Brown, 6 Vet.App. 456 (1994); Dofflemyer *197 v. Brown, 4 Vet.App. 339 (1993) (per curiam order); Coombs v. Principi, 3 Vet.App. 530 (1992) (per curiam order); Waterhouse v. Principi, 3 Vet.App. 473 (1992); Bond v. Derwinski, 2 Vet.App. 376 (1992) (per curiam order); Mokal, 1 Vet.App. at 15.
This Gourt has long grappled with the question of whether a live case or controversy exists after an appellant dies. See, e.g., Breedlove v. Shinseki, 24 Vet.App. 7, 14-22 (2010); Pekular v. Mansfield, 21 Vet.App. 495, 498-502 (2007); Landicho, 7 Vet.App. at 49-54. However, we need not venture down that tortuous path again. For the purposes of this opinion, it is sufficient to observe that Mrs. Briley died while her appeal was pending before this Court and no one who would be potentially eligible to receive accrued benefits has sought substitution. It is beyond axiomatic that, where there is no appellant, there is no case or controversy. To hold otherwise would be to empower the Court to issue advisory opinions that have no definite and concrete connection to the legal relations of the putative parties. See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (explaining that a justiciable controversy “must be definite and concrete, touching the legal relations of parties having adverse legal interests” and “must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts”); see also GTE Sylvania, Inc. v. Consumers Union of U.S., Inc., 445 U.S. 375, 382, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980) (“The purpose of the case-or-eontroversy requirement is to ‘limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.’” (quoting Flast v. Cohen, 392 U.S. 83, 85, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968))). Such a practice would contravene the venerable principle that federal courts are not “merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding,” and the Court, therefore, will not condone it. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Instead, the Court will reiterate its unflinching adherence to the jurisdictional limitations contained in Article III, which “assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of judicial action.” Id. at 472, 102 S.Ct. 752.
Moreover, contrary to our concurring colleague’s opinion, the decision of the U.S. Supreme Court in Henderson v. Shinseki, — U.S. -, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011), did not in any way alter the Court’s case-or-controversy analysis. In Henderson, the Supreme Court held that 38 U.S.C. § 7266(a), which provides that a person adversely affected by a final Board decision must file a Notice of Appeal within 120 days after the mailing of that decision to obtain review in this Court, was “an important procedural rule,” but was not jurisdictional. — U.S. at -, 131 S.Ct. at 1206. In doing so, the Supreme Court clearly indicated that our authority must be based on what Congress intended and, therefore, did not enlarge our jurisdiction beyond that expressly given to us by Congress. See id. at -, 131 S.Ct. at 1203 (“The question here, therefore, is whether Congress mandated that the 120-day deadline be ‘jurisdictional.’ ” (emphasis added). In fact, the Supreme Court has long held that federal courts “possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.” Koklconen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted). Our concurring colleague fails to cite any authority suggesting that Congress, in creating this Court, intended to except it from the bed *198 rock principle that courts may not issue advisory opinions in the absence of a live case or controversy. Accordingly, because the holding in Henderson only addressed the narrow question of “whether a veteran’s failure to file a [N]otice of [A]ppeal within the 120-day period should be regarded as having ‘jurisdictional’ consequences,” — U.S. at -, 131 S.Ct. at 1200, and because it reaffirmed the principle that our power is defined by Congress’s intent, that decision does not undermine Mokal or its progeny.
Finally, although our concurring colleague cites Padgett v. Nicholson, 473 F.3d 1364 (Fed.Cir.2007), to support his assertion that the Court could have issued a decision in this case nunc pro tunc to the date of Mrs. Briley’s death, Padgett expressly states that nunc pro tunc relief would not be appropriate in a case such as this. Specifically, the U.S. Court of Appeals for the Federal Circuit rejected the Secretary’s argument that “nunc pro tunc relief may cause the court to issue advisory opinions or decide hypothetical cases,” holding that, “[if] the court were not aware of any potential accrued-benefits claimants, or if all potential accrued-benefits claimants failed to qualify,” the only appropriate disposition would be to dismiss the appeal and vacate or reverse the underlying decision. Id. at 1371. Consequently, because this appeal has become moot by virtue of the death of the appellant, and because the Court has not received any request that another party be substituted for the appellant, the appeal will be dismissed and the underlying Board decision vacated. See Breedlove v. Shinseki, 24 Vet.App. 7, 21 (2010) (noting that where “no one seeks substitution ... Board vacatur and dismissal of the appeal would be the appropriate action”); Landicho, 7 Vet.App. at 53-54. Upon consideration of the foregoing, it is hereby
ORDERED that the January 31, 2011, Board decision is VACATED with respect to the matters appealed to the Court. It is further
ORDERED that this appeal is DISMISSED for lack of jurisdiction.