# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1932

JACK HIBBARD, APPELLANT,

v.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, FARLEY, and IVERS, *Judges.*

# O R D E R

The appellant, Vietnam veteran Jack Hibbard, appeals the February 11, 1998, decision of the Board of Veterans' Appeals (BVA or Board) that denied an increased rating for left ear hearing loss. The appellant has filed a brief and a reply, challenging the validity of 38 C.F.R. § 20.1304, and, in the alternative, arguing that the Board failed to provide sufficient reasons or bases for not awarding an increased rating on an extraschedular basis. The Secretary has filed a response defending the validity of § 20.1304. The Secretary conceded, however, that the BVA failed to provide adequate reasons and bases for not awarding an increased rating on an extraschedular basis, and a remand is therefore required on that basis.

## 1. Relevant Background

In January 1995, the appellant was awarded service connection for left ear hearing loss but assigned a noncompensable rating. R. at 159-60. He filed a Notice of Disagreement (NOD) as to the noncompensable rating in January 1996. R. at 165. The veteran submitted evidence from his former employers that showed his hearing loss had resulted in his not being able to continue his profession as a geologist because he could not hear well enough to avoid the dangers of working in underground mines. R. at 125-27, 129-31, 132-34. His personal testimony was that because he could not hear well enough to continue his profession as a geologist, he was trying to obtain a teaching certificate. R. at 156.

The appellant filed his substantive appeal in April 1996. R. at 173. He was notified in August 1997 that he had 90 days to submit any additional evidence to the BVA (pursuant to 38 C.F.R. § 20.1304). R. at 176-77. In January 1998, after the 90-day submission period, the veteran, through counsel, attempted to submit new evidence showing an increase in his hearing loss. R. at 201-08. Because the evidence was received after the 90-day submission period, the Board referred the evidence to the regional office (RO) for consideration pursuant to 38 C.F.R. § 20.1304. R. at 2.

Without considering the new evidence, the BVA determined that the veteran did not meet the requirements for a compensable rating. R. at 3. The BVA also denied an extraschedular rating on the basis that there was no evidence that his disability had resulted in frequent hospitalizations. R. at 5-6. The BVA decision did not discuss the alleged impact the disability has had on the veteran's employment.

### 2. Appellant's Claim for an Increased Rating on an Extraschedular Basis

The appellant and the Secretary agree that the BVA's reasons or bases as to entitlement to an extraschedular rating are deficient. Pursuant to 38 C.F.R. § 3.321(b)(1), in determining whether referral to the Under Secretary for Benefits for consideration of an extraschedular rating is appropriate, VA should consider such factors as frequent periods of hospitalization, or *marked interference with employment*. The Board's decision fails to adequately address the evidence in the record regarding the impact of the veteran's hearing loss on his employment. Accordingly, the Court will remand the veteran's claim for an extraschedular rating.

### 3. Appellant's Claim for an Increased Rating on an Schedular Basis

In his brief filed with this Court, the appellant argued that the Board erred in not awarding him a 10% schedular rating for his left ear hearing loss. On June 19, 2000, two days before the scheduled oral argument, the Secretary filed a motion to dismiss this appeal as moot. The Secretary reported that in preparation for oral argument, counsel for the Secretary discovered that on September 15, 1998, (one month *before* the veteran filed his Notice of Appeal with this Court) the RO had awarded the veteran precisely the remedy he sought in this appeal; i.e, a 10% disability rating for his left ear hearing loss. The effective date assigned by the RO in September 1998 was January 5, 1998. On June 19, 2000, apparently upon urging from the Secretary, the RO issued a second rating decision which found that the September 1998 decision was clearly and unmistakably erroneous, and awarded the appellant a 10% rating effective December 22, 1997. The appellant opposes the Secretary's motion, arguing that the appeal is not moot because he seeks an increased rating effective May 17, 1993, the date of his original claim. Therefore, counsel for the appellant asserted at oral argument, the case or controversy remaining before this Court is the effective date of the appellant's award.

Although appellant's counsel represented at oral argument that he had been aware of the RO's September 1998 rating decision, he stated that he did not believe it was relevant to the proceedings before this Court. The Secretary, on the other hand, offered no explanation as to why this information was first "discovered" by counsel for the Secretary 20 months after the appeal was filed.

#### a. Applicable Law

This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir. 1991); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990). Our jurisdiction is statutorily limited to the appeal of BVA decisions which are adverse to a claimant. 38 U.S.C. §§ 7252(a), 7266(a).

In *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990), we adopted "as a matter of policy the jurisdictional restrictions of the Article III case or controversy rubric." When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction.

*Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992).

"A disability case or claim necessarily includes the elements of (1) the veteran's status, (2) existence of a disability, (3) service connection of that disability, (4) degree of that disability, and, when in question, (5) effective date." *West v. Brown*, 7 Vet.App. 329 (1995), *overruled on other grounds, Barrera v. Gober,* 122 F.3d 1030 (Fed. Cir. 1997) (NOD with respect to effective date of a disability award filed after November 18, 1988, is sufficient to confer jurisdiction in this Court even where original NOD as to the award of service connection was filed prior to November 18, 1988); *see also Grantham v. Brown*, 114 F.3d 1156 (Fed.Cir. 1997) (there can be no jurisdiction-conferring NOD as to unadjudicated elements of an application for benefits that were not decided, explicitly or inherently, by the agency of original jurisdiction).

### *b. Analysis*

The veteran's initial claim for service connection for left ear hearing loss was filed in May 1993. R. at 95. The RO awarded service connection, but assigned a noncompensable rating. R. at 159-60. The veteran filed an NOD with this decision. R. at 165. As the issue of service connection had been decided in his favor, his NOD related to the element of his claim that was adverse to him, i.e., degree of disability. Accordingly, the issue before the Board in the BVA decision here on appeal was "[e]ntitlement to an increased (compensable) evaluation for left ear hearing loss." R. at 1. The Board's decision on this issue was again adverse to the veteran. R. at 1-7. Accordingly, on appeal to this Court, the appellant argued that "the Court should reverse the Board's decision, and order the Board to award Mr. Hibbard a ten percent rating evaluation for his service-connected hearing loss." Appellant's Brief at 17; *see also* Appellant's Brief at 13, Argument Heading I.C. ("The Court Should Order The Board To Award Mr. Hibbard A Ten-Percent-Rating Evaluation Because The December 1997 Evidence Establishes His Entitlement Thereto"). The appellant made this argument despite the fact that a 10% rating had already been awarded before this appeal was filed.

Although the appellant did ask the Court to award this 10% rating with the "appropriate effective date," the appellant offered no argument to this Court in his initial brief or his reply brief as to what the "appropriate effective date" might be. At oral argument, however, counsel for the appellant represented to the Court that the live case or controversy before us is, and has always been, the effective date of Mr. Hibbard's 10% disability rating, and that the veteran's September 1998 award of a 10% rating was irrelevant. We disagree. Although the award of a 10% rating may not have been "relevant" to the cause counsel for the appellant sought to advance, i.e., the validity of 38 C.F.R. § 20.1304, it is indeed relevant to the issue decided by the Board and presented to this Court, the "degree of that disability." *See West, supra*. As conceded by both parties, that issue has been decided in the appellant's favor by the September 15, 1998, and June 19, 2000, RO decisions. Accordingly, this appeal, as it relates to the appellant's claim for a 10% disability rating, is moot.

Although the appellant may disagree with the effective date assigned by the June 2000 RO decision, there is no evidence before this Court as to whether the appellant ever filed an NOD with the RO's September 1998 or June 2000 decisions as to the effective date, or if any BVA decision has been issued in any such appeal. The only appeal before this Court is an appeal of the Board's February 11, 1998, decision. That decision did not reach the issue of the effective date of the veteran's 10% disability rating because a compensable rating was not awarded. To the extent the appellant disagrees with the effective date assigned to his disability rating, this Court has no jurisdiction over that issue because there is no final BVA decision on that issue.

### 4. Conclusion

Upon consideration of the foregoing it is

ORDERED that the February 11, 1998, decision of the Board of Veterans' Appeals is VACATED in part. The appellant's claim for an extraschedular rating for his service-connected left ear hearing loss is REMANDED for readjudication consistent with this order. It is further

ORDERED that the remainder of this appeal is DISMISSED for lack of jurisdiction.

DATED: July 7, 2000                                    PER CURIAM.