Citation Nr: 1228232 
Decision Date: 08/16/12 Archive Date: 08/21/12

DOCKET NO. 08-32 560 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Biswajit Chatterjee, Counsel


 (CONTINUED ON NEXT PAGE)

INTRODUCTION

The Veteran served on active duty from January 1964 to January 1967.

This appeal to the Board of Veterans' Appeals (Board) is from an October 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

The Veteran requested a formal Decision Review Officer hearing at the RO, but subsequently failed to appear to appear for the hearing scheduled for November 2009. He did not offer an explanation or request to reschedule his hearing. Therefore, his hearing request is considered withdrawn. 


FINDING OF FACT

There is no competent and credible evidence the Veteran's current low back disability had its onset in service or is related to his active military service, including as due to in-service lumbosacral sprain/strain during August to September 1965; or that arthritis manifested within one year of service.


CONCLUSION OF LAW

A low back disability was not incurred in or aggravated by the Veteran's military service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 1137, 5103, 5103A (West 2002 and Supp. 2011); 38 C.F.R. §§ 3.159, 3.303, 3.307, 3.309 (2011).




REASONS AND BASES FOR FINDING AND CONCLUSION

I. VCAA

Before addressing the merits of the issue decided below (low back disability), the Board notes that VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a).

Proper notice from VA must inform the claimant and his representative, if any, prior to the initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ) of any information and any medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002). These notice requirements apply to all five elements of a service-connection claim (Veteran status, existence of a disability, a connection between the Veteran's service and the disability, degree of disability, and effective date of the disability). Dingess v. Nicholson, 19 Vet. App. 473 (2006). Information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded must be included. Id.

Neither the Veteran nor his representative has alleged prejudice with respect to notice, as is required. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009); Goodwin v. Peake, 22 Vet. App. 128 (2008); Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). None is found by the Board. VA's duty to notify under 38 C.F.R. § 3.159(b)(1) has been met by a letter from the RO issued in August 2007 of the criteria for establishing direct service connection, the evidence required in this regard, and his and VA's respective duties for obtaining evidence. He also was notified of how VA determines disability ratings and effective dates if service connection is awarded, in compliance with Dingess. This letter accordingly addressed all notice elements and predated the initial adjudication by the AOJ/RO in October 2007. The RO's notices were in the preferred sequence, without timing or content defects. Pelegrini v. Principi, 18 Vet. App. 112 (2004) (Pelegrini II). 

Relevant to the duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. The Veteran's service treatment records as well as identified post-service private treatment records have been obtained and considered. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The Veteran also submitted additional records and written statements in support of his claim. The Veteran has not identified any additional, outstanding records that have not been requested or obtained. Neither the Veteran nor his representative has identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained.

The Veteran was also afforded a VA examination and medical opinion in November 2008. The Board finds that the VA examination and accompanying opinion is adequate to decide the issue, as it is predicated on an interview with the Veteran; a review of the record, and a physical examination with diagnostic testing. The opinion proffered considered all of the pertinent evidence of record, to include the statements of the Veteran, and provided a complete rationale, relying on and citing to the records reviewed. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion with respect to this issue on appeal has been met. 38 C.F.R. § 3.159(c)(4).

The Board concludes that all the available records and medical evidence has been obtained in order to make an adequate determination as to this claim. Hence, no further notice or assistance is required to fulfill VA's duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002). Therefore, the Board finds that VA has complied with the duty-to-assist requirements. 38 U.S.C.A. § 5103A. 


II. Analysis

Based upon documents of record, the Veteran contends he initially injured his lower back while on active duty in August 1965 in the U.S. Army. He alleges he was in sick bay with no feeling in his legs and could not walk; and that his stay in sick bay lasted over a week. Following this, he could not lift anything over 5 pounds for over 5 months. See July 2007 claim and January 2008 notice of disagreement (NOD).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. 
§ 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in- service disease or injury and the present disease or injury. 38 U.S.C.A. § 1112; 38 C.F.R. § 3.304. See also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)].

Alternatively, service connection may be established under 38 C.F.R. § 3.303(b) by (a) evidence of (i) the existence of a chronic disease in service or during an applicable presumption period under 38 C.F.R. § 3.307 and (ii) present manifestations of the same chronic disease, or (b) when a chronic disease is not present during service, evidence of continuity of symptomatology.

Certain chronic diseases such as arthritis will be presumed to have been incurred in service if manifested to a compensable degree of at least 10 percent within one year after service. This presumption, however, is rebuttable by probative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Board acknowledges the Veteran presently has a low back disability. An October 2006 private MRI report diagnosed him with acquired lumbar spine canal stenosis. Also in October 2006, a private neurologist noted a possible diagnosis of cauda equina syndrome (neurological disability associated with lumbar spine). By December 2006, it appears he underwent a laminectomy to treat lumbar spine disabilities of degenerative disc disease and spinal stenosis at L2-S1, with progressive low back pain and neurological deficits. Accordingly, the November 2008 VA examiner diagnosed him, upon X-ray testing, with bilateral laminectomy L2-S1 with lateral and posterior effusion. Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000). 

As for in-service incurrence, his service treatment records (STRs) show he was treated for a lumbosacral sprain on August 31, 1965, after he developed back pain the prior night. The service clinician gave him a limited duty profile for one week. Accordingly, he had follow-up treatment one week later on September 7, 1965, at which time he still had complaints of back pain. X-ray testing showed a loss of normal lordotic curve of his lumbosacral spine. The diagnosis was muscle strain. Despite the Veteran's contentions otherwise, there is simply no indication in the service treatment records that he was hospitalized for one week after his initial August 1965 treatment for a low back injury.

The Veteran's remaining service treatment records until discharge are unremarkable for any documented complaints, treatment or diagnoses of any low back problems. At his October 1966 separation examination, the Veteran specifically denied a history of recurrent back pain, and the clinical evaluation of his back was "normal." 

Based upon the service treatment records, the Board acknowledges that the Veteran clearly incurred a low back injury during service in August to September 1965. In contrast, the evidence does not also establish whether he developed a chronic low back disability from this in-service injury. 

The record fails to show by objective evaluation that he manifested arthritis of his lumbar spine to a degree of 10 percent by January 1968, within the first year following service. Service connection on a presumptive basis is not established. 
38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

Here, there is simply no competent evidence of record that any of the Veteran's present diagnoses for a low back disability are attributable to service, particularly to a low back strain/sprain in 1965. See Watson v. Brown, 4 Vet. App. 309, 314 (1993) ("A determination of service connection requires a finding of the existence of a current disability and a determination of a relationship between that disability and an injury or disease incurred in service."). See, too, Maggitt v. West, 202 F.3d 1370, 1375 (Fed. Cir. 2000); D'Amico v. West, 209 F.3d 1322, 1326 (Fed. Cir. 2000); Hibbard v. West, 13 Vet. App. 546, 548 (2000); and Collaro v. West, 136 F.3d 1304, 1308 (Fed. Cir. 1998). The only available medical opinion evidence of record is against his claim. 

The November 2008 VA examiner provided a medical opinion specifically against the Veteran's claim that his current low back disability is due to an in-service injury. The examiner specifically stated, "[i]t is therefore my impression that it is more likely than not that the Veteran's current degenerative disc disease resulting in lumbar fusion is not related to the acute self-limited episode of low back pain which he incurred in the service in August 1965." In this regard, the examiner considered the Veteran's reported history of low back injury in service in 1965, and history of low back pain ever since that injury. The examiner's review of his medical history suggests that his current chronic low back disability is due to work-related injuries, rather than in-service injury. In that regard, the examiner's review of his medical history is also suggestive of the notion that he did not incur a chronic low back disability during active duty. The examiner reasoned that although the Veteran sought treatment for a lumbosacral sprain on August 31, 1965 and follow-up treatment one week later on September 7, 1965, his service treatment records do not subsequently mention his low back, even though he was treated later in September 1965 for another disability. The examiner cited that his separation examination for his back was negative and the Veteran checked "no" to a history of back problems. 

A private neurologist's evaluation, dated in October 2006, indicated that his current low back disability was possibly due to a recent occupational injury, from carrying a 200 lb. safe on his back, approximately 3 weeks prior. That is, the private neurologist stated a possible diagnosis of cauda equina syndrome and remarked that it was "perhaps related to the trauma of carrying the heavy safe on [his] back in the days leading up to [his] presentation." However, this is also an equivocal finding, diminishing its probative value. See Obert v. Brown, 5 Vet. App. 30 (1993) (medical opinion expressed in terms of "may" also implies "may or may not" and is too speculative to establish medical nexus).

So, there is no competent medical evidence of record that the Veteran's present low back disability is attributable to service. 

An additional factor the Board has considered is the nearly 26-year gap between discharge from active duty service (1967) and initial documented symptoms of low back pain in 1993. Moreover, his first post-service diagnosis for any chronic back disability did not occur until May 1999, when he complained of back pain and was diagnosed with back sprain, due to a workplace injury installing an air conditioning unit. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (indicating that "evidence of a prolonged period without medical complaint can be considered, along with other factors concerning the [V]eteran's health and medical treatment during and after military service, as evidence of whether a pre-existing condition was aggravated by military service").

The Veteran is certainly competent to testify concerning his history of low back pain and numbness of the lower extremities, dating back to an in-service injury, because this is capable of lay observation and experience. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Barr v. Nicholson, 21 Vet. App. 303, 310 (2007); and 38 C.F.R. § 3.159(a)(2). 

However, the Board also finds the Veteran's lay statements of low back symptoms dating back to service to simply not be credible, because they are inconsistent with the record. 

Post-service, he sought treatment from 1968 to 1992 for many other disabilities, such as hernia, cervical spine disability, mandible fracture, chest, finger problem, leg injury, hypertension, congestion, epididymitis, gastric problems, and a right foot injury. In contrast, he did not seek any post-service treatment for low back pain until 1993, which a private treating provider attributed to a diagnosis of right ureteral calculus, either passed or moved down significantly to near passage. From 1994 until a workplace injury of his back in May 1999, he again continued to seek treatment for several other disabilities, but not for back problems. See Curry v. Brown, 7 Vet. App. 59, 68 (1994) (contemporaneous evidence has greater probative value than history as reported by the Veteran). 

Moreover, there are several private treatment records that confirm he suffered serious injury to the very part of the body for which he now claims service connection, but from workplace injuries in May 1999 and October 2006. Id. In addition, the Board is certainly cognizant that self interest may play a role in the Veteran's statements made to the RO. See Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) [interest may affect the credibility of testimony]; cf. Pond v. West, 12 Vet. App. 341, 346 (1999). 

Finally, the Veteran's assertion that he has had a continuity of low back symptomatology since his in-service back injury is contradicted by his own statements. During service, at his October 1966 separation examination, the Veteran specifically denied a history of recurrent back pain. While seeking treatment for a hernia in February 1969, he reported that he had been in good health. Then, when seeking treatment for his initial post-service workplace injury in May 1999, he admitted that he "...hurt [his] back in the distant past but [had] no problem in a number of years." 

The Board finds the Veteran's lay statements of any low back disability symptoms dating back to service are not credible, especially in light of workplace-related low back injuries, and thus not probative in support of his claim. 

In light of the above discussion, the Board concludes that the preponderance of the evidence is against the claim for service connection and there is no doubt to be otherwise resolved. As such, the appeal is denied.


ORDER

The claim for service connection for a low back disability is denied.




____________________________________________
MATTHEW D. TENNER
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs