**Robert M. BALICK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–749.

United States Court of Veterans Appeals.

Aug. 3, 1995.

Robert M. Balick, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

The appellant, Robert M. Balick, appeals a May 11, 1994, Board of Veterans' Appeals (Board or BVA) decision that he was not entitled to payment of compensation at the 10% rate from July 1, 1989, to February 1, 1990, for residuals of a back injury, or for payment of compensation at the 10% rate for the same period for residuals of a hyperreflexic bladder with bulbous urethra, because he had been receiving retirement pay during that period. On consideration of the record and the supplemental record on appeal, the informal brief of the appellant, and the Secretary's brief, we dismiss this appeal because the appellant is not seeking any relief which can be granted by this Court.

## I. FACTS

The appellant served in the United States Air Force from December 1968 to May 1989, at which time he retired and began receiving retirement pay. Record (R.) at 16, 18. At retirement, the appellant filed an application for service connection for, among other things, a low back disorder and urinary incontinence. R. at 20–21.

In a rating decision dated January 11, 1990, the appellant was granted service connection for residuals of a low back injury at 10% effective June 1, 1989, and for urinary incontinence at 0%, effective June 1, 1989. R. at 63. The notification of his grant of service connection also contained the following statement: "Retired pay equal to the amount of pension or compensation otherwise payable is exempt from taxation. For more information, contact your local Internal Revenue Office." R. at 70. After the appellant filed a Notice of Disagreement (NOD) with that decision, the RO sent a letter dated August 1990 again explaining to him that he had been granted benefits retroactive to July 1, 1989, but that payment of VA benefits had been withheld by law because he had received full retirement pay. R. at 78.

At the appellant's request, a subsequent VA examination was performed in November 1990. R. at 91–97. On May 13, 1991, the appellant appealed to the Board, stating that the benefit that he sought was an "[a]dministrative change to backdate current original compensation monetary *payment* benefit *start date* of Feb. 1, 1990 to July 1, 1989 (Effective date). *No* claim is being made to

receive VA benefits and retired pay for this period." R. at 110. He stated further,

Due to exacerbating administrative delays in the DVA, excessive periods of time are taken to decide and process veterans' claims for benefits. I request that the DVA take any and all actions necessary to cause the Air Force Accounting and Finance Center ... to issue to me, a corrected IRS [Internal Revenue Service] form *W–2P* (Pension Earnings Statement) for the two tax years in this issue–1989 and 1990. These corrected W–2P's would reflect a lower taxable pension by applying the then-current monthly disability compensation level of my entitlement (10%) multiplied by the effective number of months.

R. at 111.

In September 1991, the RO increased the appellant's rating for a urinary condition to 10% from June 1, 1989. R. at 124. VA sent the appellant a letter dated September 17, 1991, explaining that his benefits were withheld from July 1, 1989, to February 1, 1990, because he had been receiving retirement pay during that period; stating that "Retired pay equal to the amount of pension or compensation otherwise payable is exempt from taxation"; and telling him to contact his local IRS office for more information. R. at 131. The RO explained that the retroactive grant of 10% compensation for the urinary condition must be withheld until September 1, 1991, "in order to notify the Service Department, which pays your retirement of your award." *Ibid.* The appellant filed another NOD, dated September 20, 1991, stating that he wanted to "have any and all disability compensation payment start date to be 1 July 1989." R. at 136.

An August 4, 1993, BVA decision remanded his appeal for entitlement to payment of compensation at 10% from July 1, 1989, to February 1, 1990, for residuals of a back injury since that claim was inextricably linked to the appellant's claim for an increased rating of compensation for a hyperreflexic bladder and more evidentiary development was needed. R. at 160–63. In another appeal to the Board dated December

15, 1993, the appellant clarified that the action he was requesting was "corrected/new IRS forms W–2P (Pension Earnings Statements) for the tax years *1989, 1990* and *1991.*" R. at 172. The BVA found that under the statutes and regulations, the appellant could not receive payment of compensation until the day after the reduction of retirement pay, which was February 1, 1990. R. at 8. The Board also found that his contention that VA had not acted promptly enough on his claim was unsupported by the record as the only significant delay was occasioned by the appellant's cancellation of his initial VA examination in August 1989.

## II.  ANALYSIS

In his informal brief, the appellant requests, first, that this Court order the RO to provide the appellant with information regarding tax exemption and compensation pay. The record on appeal, however, shows that the appellant was advised at least twice by VA that "Retired pay equal to the amount of pension or compensation otherwise payable is exempt from taxation. For more information, contact your local Internal Revenue Office." *See* R. at 70, 131. Second, the appellant also asks this Court to order the RO to write a letter to the IRS "requesting that the I.R.S. allow the veteran to file 1040–X's for tax years 1989, 1990, 1991, and pay any/all refunds due by law." Appellant's informal brief at 2. Both of these requested remedies are not within the power of this Court because a veterans benefit determination is not involved. *See* 38 U.S.C. §§ 7252(a), 7104(a); *Waterhouse v. Principi,* 3 Vet.App. 473, 474 (1992). Consequently, the appellant's appeal is DISMISSED for lack of jurisdiction. *Id.* at 475–76 (where this Court cannot provide the relief sought, the appeal is dismissed for lack of jurisdiction.).