Citation Nr: 1641967 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 08-09 737 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to an initial disability evaluation in excess of 10 percent disabling for the lumbosacral disability for the period from February 19, 2005 to February 21, 2012. 

REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Hannan, Counsel



INTRODUCTION

The Veteran appellant served on active duty in the United States Army from August 1982 to July 1986. He subsequently was a member of the National Guard from August 1986 to May 2013, when he retired. The Veteran also served on active duty from January 2004 to February 2005, to include a year in Southwest Asia. 

This case originally came before the Board of Veterans' Appeals (Board) on appeal from an October 2006 rating decision issued by the Montgomery, Alabama Office (RO) of the Department of Veterans Affairs (VA) in which service connection for a lumbosacral strain was granted and a noncompensable disability evaluation was assigned, effective February 19, 2005. The RO subsequently increased the initial rating for that disability to 10 percent in a rating decision issued in June 2011. 

In November 2014, the Board issued a decision that, in part, denied an initial disability evaluation in excess of 10 percent for the low back disability for the period from February 19, 2005 to February 21, 2012; the Board also assigned a disability evaluation of 40 percent beginning February 22, 2012. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court) and, in September 2015, the part of the decision that denied an initial rating for the low back disability in excess of 10 percent was vacated and the case was remanded to the Board for action consistent with the Joint Motion for Remand. (The Veteran did not appeal that portion of the Board decision that assigned a 40 percent evaluation for the lumbar spine disability beginning February 22, 2012.) 

The Board subsequently remanded the case for additional development in December 2015. The case has now been returned to the Board for appellate review.

The Board notes that the claim of entitlement to an initial compensable rating for the tension headaches and the claim of entitlement to service connection for sinusitis were remanded by the Board in November 2014. While the Veteran has perfected an appeal as to those two issues, the claims are not yet ripe for Board review. When an appeal is certified to the Board for appellate review and the appellate record is transferred to the Board, an appellant and his or her representative, if any, will be notified in writing of the certification and transfer and of the time limit for requesting a change in representation, for requesting a personal hearing, and for submitting additional evidence. See 38 C.F.R. §§ 19.36, 20.1304(a). As the required notifications have not been sent in regard to the claim for an increased initial rating for the tension headaches or in regard to the claim for service connection for sinusitis, the Board declines to take action on either one of these two issues at this time. This delay is needed to ensure that the Veteran is afforded full due process in the matter. See 38 C.F.R. § 3.103; Gray v. McDonald, 27 Vet. App. 313, 327 (2015) (Due Process protections apply to disability compensation proceedings before the Board) (citing Cushman v. Shinseki, 576 F.3d 1290 (Fed. Cir. 2009)); see also Carter v. McDonald, 794 F.3d 1342, 1346 (Fed. Cir. 2015) (regulatory requirement of notice in § 1.525(d) can only sensibly be construed to require that the notice to counsel be timely, which requires, at a minimum, notice before the expressly stated deadline has passed). These two issues will be the subjects of a later Board decision as appropriate.

This appeal was processed using the Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.


FINDINGS OF FACT

1. Between February 19, 2005 and February 21, 2012, the appellant's lumbar spine disability was manifested by at least 60 degrees of forward flexion with a combined range of motion of at least 120 degrees; no ankylosis was demonstrated at any time.

2. The appellant has not demonstrated any neurologic impairment in either lower extremity due to the lumbar spine disability.

3. The appellant has not demonstrated any bladder impairment due to the lumbar spine disability.


CONCLUSION OF LAW

Between February 19, 2005 and February 21, 2012, the criteria for an initial disability evaluation in excess of 10 percent were not met for the appellant's lumbar spine disability. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.2, 4.3, 4.7, 4.10, 4.40, 4.45, 4.55, 4.59, 4.71a, Diagnostic Codes 5003, 5010, 5235-5243 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duty to Notify and Assist

VA's duty to notify and assist claimants in substantiating their claims for VA benefits has been codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.159, 3.326(a). Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In addition, the decision of the United States Court of Appeals for Veterans Claims (Court), in Dingess v. Nicholson, 19 Vet. App. 473 (2006), requires more extensive notice in claims for compensation, e.g., as to potential downstream issues such as disability rating and effective date. 

In a claim for increase, the requirement is generic notice, that is, the type of evidence needed to substantiate the claim, namely, evidence demonstrating a worsening or increase in severity of the disability and the effect that worsening has on employment, as well as general notice regarding how disability ratings and effective dates are assigned. Vazquez-Flores v. Shinseki, 580 F.3d 1270 (2009). 

The appellant has appealed the initial 10 percent rating assigned for the lumbar spine disability for the period from February 19, 2005 to February 21, 2012. The Court has held that, in cases where service connection has been granted and an initial disability rating and effective date have been assigned, the typical service-connection claim has been more than substantiated - it has been proven, thereby rendering notice under 38 U.S.C.A. § 5103(a) no longer required because the purpose that the notice is intended to serve has been fulfilled. Dingess, 19 Vet. App. at 491. See also Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). Furthermore, to whatever extent the decision of the Court in Dingess requires more extensive notice in claims for compensation, e.g., as to potential downstream issues such as disability rating and effective date, the Board finds no prejudice to the Veteran in proceeding with the present decision. A letter to the appellant from VA, dated in March 2006, contained the information required by Dingess. 

VA must also make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A(a); 38 C.F.R. § 3.159(c), (d). Here, private and VA treatment records have been associated with the claims file and the Veteran was afforded VA examinations in June 2007, May 2011, September 2012, and August 2014.

A medical opinion is adequate when it is based upon consideration of a veteran's prior medical history and examinations and also describes the disability in sufficient detail so that the Board's "evaluation of the claimed disability will be a fully informed one." Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (quoting Green v. Derwinski, 1 Vet. App. 121, 124 (1991). The Board finds that the March 2006, February 2009, April 2011, and March 2016 VA compensation examinations collectively contain a description of the history of the lumbar spine disability, document and consider the relevant medical facts and principles and record the relevant findings for evaluating the service-connected lumbar spine disability in relation to the applicable rating criteria. The reports of these several VA compensation examinations, especially when considered along with the other relevant evidence in the file, provide the information needed to properly rate the lumbar spine disability for the period between February 19, 2005 and February 21, 2012. Thus, the Board finds that the examination reports are sufficiently detailed with recorded history, impact on employment and daily life, and clinical findings. 

In addition, it is not shown that the examinations were in any way incorrectly prepared or that the VA examiners failed to address the clinical significance of the appellant's claimed disability. Further, the VA examination reports addressed the applicable criteria. As a result, the Board finds that additional development by way of another examination would be redundant and unnecessary. See 38 C.F.R. § 3.326 and 38 C.F.R. § 3.327 and Green v. Derwinski, supra. Therefore, the Board concludes that the appellant was afforded an adequate examination. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

It appears that all obtainable evidence identified by the appellant relative to his claim has been obtained and associated with the evidence of record, and that neither he nor his representative has identified any other pertinent evidence which would need to be obtained for a fair disposition of this appeal. The Board concludes that no further notice or assistance to the appellant is required to fulfill VA's duty to assist him in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, supra.

A remand from the Court or the Board confers upon a veteran the right to substantial, but not strict, compliance with that order. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). The directives of the September 2015 Joint Motion and the associated December 2015 Board remand have been substantially fulfilled. The appellant's recent VA treatment records have been added to the claims file and a VA medical opinion was obtained. All relevant facts with respect to claim addressed in the decision below have been properly developed. 

In view of the foregoing, the Board finds that all notification and development actions needed to render a decision on the appellant's claim for an increased initial rating for his service-connected lumbar spine disability have been accomplished. 


The Merits of the Claim

The law provides that disability evaluations are determined by the application of a schedule of ratings that is based upon an average impairment of earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. Where there is a reasonable doubt as to the degree of disability, such doubt will be resolved in favor of the claimant. 38 C.F.R. §§ 3.102, 4.3, 4.7. In addition, the Board will consider the potential application of the various other provisions of 38 C.F.R., Parts 3 and 4, whether they were raised by the appellant or not, and the entire history of the veteran's disability in reaching its decision, as required by Schafrath v. Derwinski, 1 Vet. App. 589 (1991). 

In the evaluation of service-connected disabilities, the entire recorded history, including medical and industrial history, is considered so that a report of a rating examination, and the evidence as a whole, may yield a current rating which accurately reflects all elements of disability, including the effects on ordinary activity. 38 C.F.R. §§ 4.1, 4.2, 4.10, 4.41. In this case the evidence reviewed includes the appellant's VA treatment records dated between 2002 and 2012; the reports of the VA medical examinations conducted in March 2006, February 2009, April 2011, and March 2016; and various written statements submitted by the appellant, his representative and various third parties.

In general, when an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, staged ratings are appropriate in any increased-rating claim in which distinct time periods with different ratable symptoms can be identified. Hart v. Mansfield, 21 Vet. App. 505 (2007). As previously noted, the 40 percent rating in effect since February 22, 2012 is not on appeal in this case. Consequently, the Board will consider the issue of entitlement to a rating in excess of 10 percent for the period from the date service connection was granted (February 19, 2005) up until February 21, 2012. 

Except as otherwise provided in the rating schedule, all disabilities, including those arising from a single entity, are to be rated separately, and then all ratings are to be combined pursuant to 38 C.F.R. § 4.25. One exception to this general rule, however, is the anti-pyramiding provision of 38 C.F.R. § 4.14, which states that evaluation of the "same disability" or the "same manifestation" under various diagnoses is to be avoided. In Esteban v. Brown, 6 Vet. App. 259 (1994), the Court held that the described conditions in that case warranted 10 percent evaluations under three separate diagnostic codes, none of which provided that a veteran may not be rated separately for the described conditions. The Court held that the conditions were to be rated separately under 38 C.F.R. § 4.25, unless they constituted the "same disability" or the "same manifestation" under 38 C.F.R. § 4.14. Esteban, at 261. The critical element cited was "that none of the symptomatology for any one of those three conditions [was] duplicative of or overlapping with the symptomatology of the other two conditions." Id. at 262. 

Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Lay assertions may serve to support a claim by supporting the occurrence of lay-observable events or the presence of symptoms of disability subject to lay observation. 38 U.S.C.A. § 1153(a); 38 C.F.R. §§ 3.303(a), 3.159(a); see Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Pain is the sort of condition that is observable by a lay person. See also Davidson v. Shinseki, 581 F.3d 1313 (2009) (noting that a layperson may comment on lay-observable symptoms). 

There is a large amount of evidence in this case, consisting of both medical records and lay statements submitted by the appellant. The Board notes that it has reviewed the evidence in its entirety, but will not be discussing all of it with specificity. See Newhouse v. Nicholson, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (the Board is presumed to have considered all evidence presented in the record; it is not required to specifically discuss every piece of evidence). 

Pursuant to regulatory provisions, degenerative arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joint involved. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. Where there is X-ray evidence of arthritis and limitation of motion, but not to a compensable degree under the diagnostic code, a 10 percent rating is for assignment for each major joint affected. 38 C.F.R. § 4.71, Diagnostic Codes 5003, 5010. 

Under 38 C.F.R. § 4.40, functional loss may be due to pain, supported by adequate pathology and evidenced by the visible behavior of the claimant on motion. Disability of the musculoskeletal system is the inability to perform normal working movement with normal excursion, strength, speed, coordination, and endurance, and that weakness is as important as limitation of motion, and that a part that becomes disabled on use must be regarded as seriously disabled. A little used part of the musculoskeletal system may be expected to show evidence of disuse, through atrophy, for example. 38 C.F.R. § 4.40. 

The provisions of 38 C.F.R. §§ 4.45 and 4.59 also contemplate inquiry into whether there is limitation of motion, weakness, excess fatigability, incoordination, and impaired ability to execute skilled movements smoothly, and pain on movement, swelling, deformity, or atrophy of disuse. Instability of station, disturbance of locomotion, interference with sitting, standing, and weight-bearing are also related considerations. The Court has held that diagnostic codes predicated on limitation of motion require consideration of a higher rating based on functional loss due to pain on use or due to flare-ups. 38 C.F.R. §§ 4.40, 4.45, 4.59; Johnson v. Brown, 9 Vet. App. 7 (1997); and DeLuca v. Brown, 8 Vet. App. 202, 206 (1995). 

However, pain that does not result in additional functional loss does not warrant a higher rating. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011) (holding that pain alone does not constitute function loss, but is just one fact to be considered when evaluating functional impairment). In Mitchell, the Court held that the evaluation of painful motion as limited motion only applies when limitation of motion is noncompensable under the applicable diagnostic code. The Court further explained that, although painful motion is entitled to a minimum 10 percent rating under Lichtenfels v. Derwinski, 1 Vet. App. 484, 488 (1991), when read together with Diagnostic Code 5003, it does not follow that the maximum rating is warranted under the applicable diagnostic code pertaining to range of motion simply because pain is present throughout the range of motion. 

The Board notes that service connection has been granted for a low back strain; the lumbar spine disability was assigned an initial evaluation of 10 percent under 38 C.F.R. § 4.71a, Diagnostic Code 5237, lumbosacral strain. The diagnostic codes for rating diseases and injuries of the spine are designated as Diagnostic Codes 5235 to 5243 (for, respectively, vertebral fracture or dislocation; sacroiliac injury and weakness; lumbosacral or cervical strain; spinal stenosis; spondylolisthesis or segmental instability; ankylosing spondylitis; spinal fusion; degenerative arthritis of the spine; and intervertebral disc syndrome). 

Any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment, are to be rated separately. 38 C.F.R. § 4.71a, Diagnostic Codes 5235 to 5243, Note (1).

Under Diagnostic Codes 5235 to 5243, and with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease, the following apply: a 20 percent evaluation is warranted for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees, or the combined range of motion of the thoracolumbar spine not greater than 120 degrees, or muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 40 percent evaluation is warranted for forward flexion of the thoracolumbar spine 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine. A 50 percent evaluation is warranted for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent evaluation is warranted for unfavorable ankylosis of the entire spine.

For VA compensation purposes, normal forward flexion of the thoracolumbar spine is 0 to 90 degrees, extension is 0 to 30 degrees, left and right lateral flexion are 0 to 30 degrees, and left and right lateral rotation are 0 to 30 degrees. 38 C.F.R. § 4.71a, Diagnostic Codes 5235 to 5243, Note (2). 

Review of the evidence of record reveals that the appellant sought treatment for back pain in March 2005. He said that his back would hurt off and on and that it would get stiff. The appellant reported that the pain stayed in his back and did not go anywhere. On physical examination, the appellant's back was noted to be within normal limits. A May 2005 private treatment note reflects that the appellant complained of low back pain and stiffness. He denied having any radicular symptoms. On physical examination he demonstrated a pretty good range of motion of the back and his spine was nontender. There was nothing radicular. 

The appellant underwent a VA medical examination in March 2006; his posture and gait were described as normal. The appellant reported that he was not on any prescription medication for his back and that most of his limitation of activity was due to his knee pain. He denied experiencing flare-ups of back pain. On physical examination, the appellant exhibited forward flexion of 90 degrees with pain and right and left rotation of 35 degrees that elicited knee pain. Lateral flexion testing was not conducted secondary to knee pain and extension was not recorded. There was no significant muscle spasm. The neurological examination was normal. Radiographic examination revealed slight disc narrowing at L4 and L5.

Later in March 2006, the appellant reported that his back pain had worsened since his VA examination. However, during a VA outpatient examination conducted even later in March 2006, the appellant's back was noted to be within normal limits.

VA medical treatment records reflect that the appellant presented with complaints of back pain and spasms in February 2007. However, the outpatient examination again revealed the back to be within normal limits. Additional VA treatment records dated in June 2007, July 2007, and October 2007 reflect identical findings. The June 2007 clinical assessment was low grade and intermittent low back pain on minimal treatment. A December 2007 VA treatment record indicated that the appellant's back was without tenderness or spasm and that his range of motion was limited only by his obesity. In April 2008, the clinical assessment was mild myofascial back pain, stable. 

The appellant was afforded another a VA medical examination in February 2009; he complained of tightness in his low back that occurred two to three times per week. He said that he experienced pain with prolonged sitting or standing; this was localized in the lumbar area without any radiation. He also reported using a back brace at work. On physical examination, the appellant demonstrated 85 degrees of forward flexion; 25 degrees of extension; 25 degrees of right and left lateral flexion; and 45 degrees of right and left rotation. There was minimal tenderness over the lumbar spine. There was normal motor function and motor strength in the lower extremities. Sensory testing was normal in the lower extremities. There was minimal pain on range of motion testing, including repetitive testing. No fatigue, weakness, lack of endurance, or incoordination was noted. The examiner rendered a diagnosis of lumbosacral spine degenerative disc disease and degenerative joint disease without peripheral neuropathy. 

A February 2011 VA treatment note indicates that the appellant had a history of mild myofascial back pains. He was noted to have no current complaints. 

An additional VA medical examination was conducted in April 2011. The appellant reported experiencing persistent severe pain and spasms with activities such as walking and lifting. The examiner noted that there was no associated bladder dysfunction. On physical examination, straight leg raises were negative and there were no spasms or palpable tenderness. Strength testing was 5/5 and sensory testing was intact. The appellant exhibited 80 degrees of forward flexion; 20 degrees of extension; 20 degrees of right and left lateral flexion; and 20 degrees of right and left rotation. These findings were also recorded after repetitive testing. The examiner noted that the appellant's range of motion was limited by his unusually large abdomen and limited effort. The examiner stated that there was no functional limitation associated with the appellant's condition, and that subjective pain was disproportionate to the objective findings.

The appellant was afforded an additional VA examination in February 2012; he said that he had bladder problems due to his spine disability consisting of urinary frequency throughout the day and night. 

In March 2016, a VA medical opinion was obtained on the question of whether or not the appellant's bladder-related problems were etiologically related to his service-connected lumbar spine disability. The appellant's urinary problems of urinary frequency (including nighttime frequency), urinary urgency, a slow and weak urine stream and a sensation of incomplete voiding were attributed to benign prostatic hypertrophy (BPH). After reviewing the evidence of record and examining the appellant, the examining VA physician stated that BPH is the result of hormonal changes and age-related inflammatory changes of the prostate gland and would be unrelated to any lumbar spine medical conditions.

The record indicates that the appellant's lumbar spine symptoms do not warrant the assignment of a disability evaluation greater than the 10 percent evaluation currently assigned. An evaluation for the thoracolumbar spine disability in excess of 10 percent is not appropriate pursuant to the current rating criteria, Diagnostic Codes 5235 to 5243. Specifically, while the medical evidence of record shows that the appellant's combined range of thoracolumbar spine motion has been restricted to 180 degrees at worst, the restriction of his range of motion is not commensurate with the next higher rating. In the absence of further limitation of motion (forward flexion between 31 degrees and 60 degrees), a total range of motion of 120 degrees or less or ankylosis of the entire thoracolumbar spine, an evaluation in excess of 10 percent is not warranted. 

In addition, the medical evidence does not show that the appellant's service-connected lumbar spine disability has caused any associated objective neurologic abnormalities at any time, including, but not limited to, bowel or bladder impairment in order to warrant a separate rating. 38 C.F.R. § 4.71a, Diagnostic Codes 5235 to 5243, Note (1). The clinical evidence of record includes no findings of any neurological deficits emanating from the lumbar portion of the spine. No lumbar radiculopathy has been identified and the neurological testing of the appellant's lower extremities has yielded normal results. In addition, the appellant's bladder complaints have been etiologically associated with benign prostatic hypertrophy. Thus, the clinical evidence of record does not show that the appellant's service-connected lumbar spine disability includes any objective neurologic abnormalities. 

As above, were such additional rating to be assigned, such action would violate the provisions of 38 C.F.R. § 4.14, which prohibit pyramiding. The codes in question all contemplate limitations due to pain, orthopedic and neurologic, of the low back. There is no "entirely different function" affected by neurologic versus orthopedic findings that would warrant a separate evaluation for the lumbar spine. See 38 C.F.R. § 4.55. The pain and functional limitations caused by the lumbar spine disability are contemplated in the initial 10 percent rating that has been assigned. Thus, 38 C.F.R. § 4.40, et seq., do not provide basis for the assigning of a separate disability rating for the lumbar spine. 

Another factor to consider is the degree of pain experienced by the claimant. With increasing levels of pain, concomitantly increasing degrees of muscle spasm, weakness, atrophy, inability to function, and the like, are expected. 38 C.F.R. §§ 4.40, 4.45, 4.59. The appellant has described his subjective complaints of pain and muscle spasms, and objective medical evidence has indicated that the appellant sought treatment for his low back pain. Examining the evidence summarized above, and giving due consideration to the provisions under 38 C.F.R. § 4.59, as well as due consideration to the provisions of 38 C.F.R. §§ 4.7, 4.10 and 4.40, the medical evidence of record shows that the appellant's low back symptomatology does not approximate the schedular criteria for an evaluation in excess of 10 percent for the lumbar spine. The pain and functional limitations caused by his low back disability are contemplated in the evaluation for the symptomatology of the lumbar spine that is represented by the current 10 percent disability evaluation. Therefore, the Board finds that the preponderance of the evidence is against an initial evaluation in excess of 10 percent for the service-connected lumbar spine disability at all times within the time period from February 19, 2005 to February 21, 2012. 

Under 38 C.F.R. §§ 4.40 and 4.45, and the decision in DeLuca, 8 Vet. App. 202 (1995), the Board is required to consider the Veteran's pain, swelling, weakness, and excess fatigability when determining the appropriate disability evaluation for a disability using the limitation-of-motion diagnostic codes. Within this context, a finding of functional loss due to pain must be supported by adequate pathology, and evidenced by the visible behavior of the claimant. Johnston v. Brown, 10 Vet. App. 80, 85 (1997). However, under Spurgeon v. Brown, 10 Vet. App. 194 (1997), the Board is not required to assign a separate rating for pain alone. The Board recognizes the limitations that the appellant has as a result of his service-connected lumbar spine disability, but the 10 percent disability evaluation currently contemplates these limitations, as discussed above. In addition, during his March 2006 VA medical examination, the appellant stated that that most of his limitation of activities was due to his knee pain. There was no weakness, fatigue, lack of endurance or loss of coordination of any joint or of the spine after repetitive motion testing. 

Notwithstanding the above discussion, an increased evaluation for the lumbar spine disability could be granted if it were demonstrated that the particular disability presented such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards. See 38 C.F.R. § 3.321(b)(1). Therefore, the Board has considered whether this case should be referred to the Director of the VA Compensation and Pension Service for extraschedular consideration under 38 C.F.R. § 3.321(b)(1). See Barringer v. Peake, 22 Vet. App. 242 (2008). 

However, the record reflects that the appellant has not required any hospitalization for his lumbar spine disability, and that the manifestations of that disability are not in excess of those contemplated by the current respectively assigned rating. Furthermore, although the appellant experiences occupational impairment, there is no indication in the record that the average industrial impairment from the lumbar spine disability addressed herein would be in excess of that contemplated by the currently assigned rating. The Court has held that, "if the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required." Thun v. Peake, 22 Vet. App. 111, 115 (2008).

The Board finds no evidence that the lumbar spine disability on appeal presents such an unusual or exceptional disability picture as to require an extraschedular evaluation pursuant to the provisions of 38 C.F.R. § 3.321(b). As discussed above, there are higher ratings available for this disability but the required manifestations have not been shown in this case. The appellant has not offered any objective evidence of any symptoms due to the lumbar spine disability that would render impractical the application of the regular schedular standards. Consequently, the Board concludes that referral of this case for consideration of an extraschedular rating is not warranted in this case. See Floyd v. Brown, 8 Vet. App. 88, 96 (1996); Bagwell v. Brown, 9 Vet. App. 337, 338-339 (1996) (when evaluating an increased rating claim, it is well established that the Board may affirm an RO's conclusion that a claim does not meet the criteria for submission for an extraschedular rating pursuant to 38 C.F.R. § 3.321(b)(1), or may reach such a conclusion on its own). 

In this case, the various symptoms described by the appellant fit squarely within the criteria found in the relevant diagnostic codes for the lumbar spine disability on appeal. In short, the rating criteria contemplate not only his symptoms but the severity of his disability. For these reasons, referral for extraschedular consideration is not warranted. 

The Board acknowledges that the appellant, in advancing this appeal, believes that his disability on appeal has been more severe than the assigned disability rating reflects. Medical evidence is generally required to probatively address questions requiring medical expertise; lay assertions do not constitute competent medical evidence for these purposes. However, lay assertions may serve to support a claim by supporting the occurrence of lay-observable events or the presence of symptoms of disability subject to lay observation. 38 U.S.C.A. § 1153(a); 38 C.F.R. § 3.303 (a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). 

The Board has carefully considered the appellant's contentions and arguments. In this case, however, the competent medical evidence offering detailed descriptions of the lumbar spine and specialized determinations pertinent to the rating criteria are the most probative evidence with regard to evaluating the pertinent symptoms for that disability. The lay statements have been considered together with the probative medical evidence clinically evaluating the severity of the disability-related symptoms. The preponderance of the most probative evidence does not support assignment of a rating in excess of 10 percent for the lumbar spine between February 19, 20015 and February 21, 2012.

Based upon the guidance of the Court in Fenderson v. West, supra, the Board has considered whether any staged rating is appropriate. As reflected in the decision above, the Board did not find variation in the appellant's symptomatology or clinical findings for the manifestations of the lumbar spine disability that would warrant the assignment of any staged rating between February 19, 2005 and February 21, 2012, as the Court has indicated can be done in this type of case. The Board did not find any variation in the clinical manifestations of lumbar spine disability at any point during the appellate period. Based upon the record, the Board finds that at no time between February 19, 2005 and February 21, 2012 has the lumbar spine disability been more than 10 percent disabling.

Finally, a total disability rating based on individual unemployability (TDIU) due to service-connected disability is an element of all appeals of an increased rating. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). Where a veteran: (1) submits evidence of a medical disability; (2) makes a claim for the highest rating possible; and (3) submits evidence of unemployability, the requirement in 38 C.F.R. § 3.155(a) that an informal claim "identify the benefit sought" has been satisfied and VA must consider whether the Veteran is entitled to a TDIU. Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001). 

However, review of the evidence of record reflects that the Veteran has been working at the post office since May 2006. An August 2015 VA medical treatment note indicates that the Veteran was still working. In the absence of a history of unemployability due to the low back disability, or other competent evidence suggestive of unemployability due to the lumbar spine, the Board finds Rice is inapplicable. See also Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001).


ORDER

Entitlement to an initial evaluation in excess of 10 percent for the service-connected lumbar spine disability is denied for the time period from February 19, 2005 to February 21, 2012.




____________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs